951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Graciano D'ANDREA, Plaintiff-Appellant,
v.
BANK OF AMERICA N.T. & S.A., Defendant-Appellee.
 No. 90-56148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Dec. 23, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Graciano D'Andrea appeals the district court's grant of summary judgment in favor of Bank of America in his Employee Retirement Income Security Act (ERISA) wrongful discharge action. The district court held that D'Andrea's action was barred by any applicable statute of limitations and that California's equitable tolling rule did not save his claim. We agree and affirm.
 
 
 3
 Because ERISA does not provide a specific statute of limitations, the appropriate period is determined by reference to the state statute of limitations most analogous to the cause of action asserted by the plaintiff. Felton v. Unisource Corp., 940 F.2d 503, 510 (9th Cir.1991); Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1328 (9th Cir.1987). When a federal court borrows a state's statute of limitations, it also looks to state law to determine the application of tolling doctrines. See Board of Regents v. Tomanio, 446 U.S. 478, 483-86 (1980); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988).
 
 
 4
 There is no dispute that D'Andrea's claim is barred by any analogous California statute of limitations unless the statute was tolled during the entire pendency of the state court suit. D'Andrea argues that excluding the tolled period, the instant action was filed within the three year statute of limitations for breach of a statutory prohibition, which he contends applies in this case.[1]
 
 
 5
 The application of the California equitable tolling doctrine requires timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff. Addison v. State, 578 P.2d 941, 943-44 (Cal.1978). Addison recognizes that the doctrine of equitable tolling applies only "occasionally and in special circumstances." Id. at 942.
 
 
 6
 The central question in this case is the reasonableness of D'Andrea's conduct. As pointed out in Collier v. City of Pasadena, 191 Cal.Rptr. 681 (Cal.Ct.App.1983), this third prerequisite to the application of equitable tolling is less clearly defined in the cases. Id. at 686. D'Andrea argues that he acted reasonably in filing the state action and in appealing it and that therefore the tolling rule applies. However, under the circumstances of this case, D'Andrea's focus is too narrow. It is not the reasonableness of filing the first action or appealing the state court decision that is the focus, but rather D'Andrea's failure to file a concurrent federal claim to preserve his access to that forum following the grant of summary judgment in favor of the Bank in 1984, based on Johnson v. Transworld Airlines, Inc., 196 Cal.Rptr. 896 (Cal.Ct.App.1983).
 
 
 7
 This is not a persuasive case for application of equitable tolling. D'Andrea had no claims that were not predicated on the employee benefit plan and therefore all of his state court claims were preempted by ERISA. D'Andrea was on notice of the exclusive jurisdiction of the federal court in this matter no later than September, 1984, when the state court dismissed his action. While he was certainly free to appeal the grant of summary judgment, under the circumstances, it was not reasonable for him to do so without filing a lawsuit in federal court to preserve his claim. In this case it was within the plaintiff's power to control the harsh consequences he now faces. We note that D'Andrea filed this case almost 14 months after the state dismissal became final. This fact also weighs against tolling in this case. See Addison, 578 P.2d at 944, 945; Collier, 191 Cal.Rptr. at 686.
 
 
 8
 D'Andrea complains that duplicative lawsuits are not favored. However, a federal action could not have been duplicative of the state action as pleaded, because only federal courts have jurisdiction to hear ERISA claims. In 1984, at the latest, D'Andrea was on notice that the same set of facts was not the basis for claims in both state and federal court. D'Andrea's reliance on the "disfavored duplicative lawsuit" argument also ignores the fact that the application of the equitable tolling rule should not substantially undermine the policy of prompt resolution of claims. Addison, 578 P.2d at 945.
 
 
 9
 D'Andrea's reliance on Sorosky v. Burroughs Corp., 826 F.2d 794 (9th Cir.1987), for the argument that he was justified in continuing his state court appeals is misplaced. Rather than supporting D'Andrea's argument in the state court that his claim could go forward there, Sorosky highlights that if the complaint alleges that the plaintiff was terminated solely to deny him pension and retirement benefits, the claim is preempted by ERISA. Id. at 799-800; see also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 713-14 (9th Cir.1990). While the United States Supreme Court had not so ruled during the time D'Andrea's state action was on appeal, the Court has since held state common law claims of wrongful discharge to prevent the attainment of pension plan benefits are preempted by ERISA. Ingersoll-Rand Co. v. McClendon, --- U.S. ----, 111 S.Ct. 478 (1990).
 
 
 10
 D'Andrea filed his federal court action on October 20, 1989, some five years after it became clear in September, 1984, that federal court was the only forum open to him under existing law. Coupled with the one year period between discharge and the filing of the state lawsuit, the federal action was filed more than six years after D'Andrea was discharged. No analogous California statute of limitations can save D'Andrea's claim. In light of our holding, we need not address whether the eleven year delay between the termination and the filing of the federal lawsuit would prejudice the Bank.
 
 
 11
 After independent review, the order of the district court granting summary judgment in favor of the Bank is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has recently rejected the circular argument that an ERISA cause of action is most analogous to a statutory claim because ERISA is a statute. Felton v. Unisource Corp., 940 F.2d 503, 512 (9th Cir.1991). The court concluded in Felton that the most analogous state law claim would be wrongful termination against public policy or retaliatory discharge. Id. It is not necessary for us to determine the limitations period under California law in this case, because we reject the argument that the period was tolled. Therefore, the filing date was outside of any analogous statute of limitations, including the four year "catch-all" limitations period D'Andrea argues may be applicable. Appellant's Letter Brief at 3-4