Alexa **RUSSELL**, individually, and as executress and successor in interest to the Estate of Artemis Henderson aka Artie G. Henderson, decedent, Plaintiff—Appellant,

v.

**LORILLARD, INC.,** as successor by merger to Lorillard Tobacco Co. & P. Lorillard Co.; Hollingsworth & Vose Co., Defendants—Appellees.

No. 04–55209.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.[*]

Decided May 16, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

San Diego, CA, Andrew J. Mcelaney, Jr., Nutter Mcclennen And Fish, Boston, MA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM [**]

Alexa Russell, individually and as executress and successor in interest to the Estate of Artemis Henderson, appeals pro se the district court's summary judgment in Russell's diversity action alleging survival and wrongful death claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 596 (9th Cir.1996), we affirm.

The district court properly granted summary judgment on Russell's survival claims because the statute of limitations had run on those claims before she inherited them. *See* Cal.Code Civ. Proc. § 377.20(a) ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.").

The district court properly granted summary judgment on Russell's wrongful death claims because she failed to provide the expert testimony required to prove the causation element of her claims. *See Kennedy v. Southern California Edison Co.*, 268 F.3d 763, 767–68 (9th Cir.2001) (citing *Jones v. Ortho Pharm. Corp.*, 163 Cal.App.3d 396, 209 Cal.Rptr. 456, 460 (1985)); *see generally Nissan*

---

Alexa Russell, Law Offices of Richard A. Henderson, San Diego, CA, pro se.

M. Ray Hartman, III, Esq., Gray Cary Ware & Freidenrich LLP, Paul S. Metsch, Solomon Ward Seidenwarm and Smith,

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102–06 (9th Cir.2000) (reviewing summary judgment standards). The district court did not abuse its discretion in denying Russell additional time to designate an expert because she did not demonstrate "good cause" for a modification of the court's scheduling order. *See* Fed.R.Civ.P. 16(b); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir.2002).

■ The district court did not abuse its discretion in denying Russell leave to amend because the proposed amendments were futile, and the district court found that Russell had proposed them in a bad-faith effort to destroy diversity jurisdiction. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 804–05 (9th Cir.1987).

Russell's remaining contentions lack merit.

AFFIRMED.