MEMORANDUM **
Vincent Daniel Hopper, also known as Antolin Andrew Marks, a detainee at the U.S. Immigration and Customs Enforcement’s Northwest Detention Center in Tacoma, Washington, appeals pro se from the district court’s summary judgment in his civil rights action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004), and may affirm on any ground supported by the record, O’Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1059 (9th Cir.2007). We affirm.
The district court properly granted summary judgment on the access to courts claims because Marks failed to raise a genuine issue of material fact as to whether the defendant frustrated or impeded a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).
Summary judgment was also proper on Marks’s claims regarding his use of the telephone system at the Northwest Detention Center because Marks did not raise a triable issue as to whether the defendant violated his constitutional rights. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) (“Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations.”); United States v. Van Poyck, 77 F.3d 285, 290-91 (9th Cir.1996) (holding that pretrial detainee did not have a reasonable expectation of privacy in his outbound telephone calls under the Fourth Amendment); Valdez v. Rosenbaum, 302 F.3d 1039, 1044-45 (9th Cir.2002) (rejecting pretrial detainee’s due process claim and explaining that a statute or regulation only creates a liberty interest protected by the Constitution if it sets forth “substantive predicates to govern official decision making” and contains “explicitly mandatory language”); Hydrick v. Hunter, 500 F.3d 978, 999 (9th Cir.2007) (stating that “the Sixth Amendment, by its express language, protects [only] those in criminal proceedings”), vacated on other-grounds by Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
The district court did not abuse its discretion by rejecting Marks’s motion for joinder and class certification based on Marks’s failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (“Only in rare cases will we question the exercise of discretion in connection with the application of local rules.”).
The district court did not abuse its discretion by denying Marks’s motion to compel discovery on the ground that the requests were overly broad and unduly *393 burdensome. See Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir.1987) (holding that the district court did not abuse its discretion by denying motion to compel because requests were “unnecessarily burdensome and overly broad”).
The district court did not abuse its discretion by denying Marks’s motions for appointment of counsel because Marks failed to demonstrate “exceptional circumstances” warranting appointment of counsel. See Terell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
Marks’s remaining contentions are unpersuasive.
Marks’s requests for judicial notice are granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.