NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROCKIN ARTWORK, LLC, a Nevada limited liability company,

Plaintiff-Appellant,

v.

BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC, a California Corporation; et al.,

Defendants-Appellees.

Nos. 17-35151
       17-35263

D.C. No. 2:15-cv-01492-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 6, 2018[**]
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Appellant Rockin Artwork, LLC ("Rockin") contests the district court's subject-matter jurisdiction and appeals discovery-related orders and awards of sanctions to defendants Authentic Hendrix, LLC; Experience Hendrix, LLC; and Bravado International Group Merchandising Services, Inc. ("Bravado"). Rockin also appeals the district court's denial of Rockin's motion to amend its complaint and grant of Bravado's motion for summary judgment. We affirm.

As a preliminary matter, Rockin has not shown that the district court lacked jurisdiction. The district court had subject-matter jurisdiction over Rockin's Lanham Act claim because it presented a federal question, 28 U.S.C. § 1331, and the district court had supplemental jurisdiction over the related state law claims, 28 U.S.C. § 1367. Even if the district court had allowed Rockin to dismiss its Lanham Act claim, the district court could have retained jurisdiction over the state law claims. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." (citation omitted)).

The district court did not abuse its discretion in denying Rockin's motion to amend. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 804 (9th Cir. 1987). While leave to amend should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the district court did not err in finding that Rockin's actions were a bad-faith attempt to engage in forum shopping. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ferens v. John Deere Co.*, 494 U.S. 516, 527 (1990).

We affirm the district court's grant of summary judgment in favor of Bravado and find the court did not abuse its discretion with regard to the contested discovery-related orders and awards of sanctions against Rockin. *See R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245 (9th Cir. 2012) (stating the standard of review for discovery rulings and sanctions). Under the circumstances of this case, the court also acted in its discretion by requiring the disclosure of Rockin's damages expert and expert report before the close of discovery. *See* Fed. R. Civ. P. 26(d)(3)(A) (stating "methods of discovery may be used in any sequence"). Since Bravado's motion to compel was granted in full, the court also did not commit legal error in declining to apportion fees awarded to Bravado. *See* Fed. R. Civ. P. 37.

The remainder of Rockin's arguments were not adequately raised in its opening brief and are summarily rejected. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that this court "review[s] only issues which are argued specifically and distinctly in a party's opening brief.").

**AFFIRMED.**