NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE BAIRD, STEVE ALTES, LOUIS LECIEJEWSKI, AND KRISHNENDU CHAKRABORTY, | No.   18-16579 |
| Plaintiffs-Appellants, | D.C. No. 4:17-cv-06407-JSW |
| v. | MEMORANDUM* |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 10, 2020
San Francisco, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,** District Judge.

Lance Baird, Steve Altes, Louis Leciejewski, and Krishnendu Chakraborty

(hereinafter, "plaintiffs") appeal from the district court's dismissal of their claims

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

against Samsung Electronics America, Inc. (hereinafter, "Samsung"). Underlying the dismissal was the district court's conclusion that post-sale disclaimers regarding the functionality of Samsung's Smart TVs were part of the parties' bargain and that plaintiffs had therefore failed to allege actionable claims. Plaintiffs appealed that ruling. The district court had jurisdiction under 28 U.S.C. §1332(d)(2) because the amount in controversy was alleged to be greater than $5,000,000, and the parties satisfied minimal diversity requirements. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for further consideration.

Plaintiffs allege that they purchased Samsung Smart TVs in 2011 and 2012 in reliance on Samsung's express advertising and marketing representations that the product would give the user access to YouTube. Plaintiffs further allege that Samsung knew at the time that access to YouTube could be discontinued at any point. Shortly after plaintiffs purchased their Smart TVs, Samsung began transitioning from Smart TVs that had a flash-based YouTube application ("app") to Smart TVs that had an HTML5-based YouTube app. In 2017, YouTube permanently stopped functioning on plaintiffs' Smart TVs because the company running YouTube discontinued the flash-based app. YouTube explained that it and its "device partners" had decided it was "the right time to end-of-life" the flash-based YouTube app in favor of the HTML5 version of the app because the flash-

based app could not access new features that were being added to the YouTube app. Samsung and YouTube made suggestions regarding additional products that could be used to continue accessing YouTube on Smart TVs purchased before 2013; Samsung allegedly offered no remedy or fix for the problem.

Plaintiffs filed this putative class action seeking damages, attorney's fees and costs, and specific performance in the form of reinstatement of their access to YouTube. Plaintiffs asserted various claims, including breach of contract, negligent misrepresentation, and violations of consumer protection laws. All of plaintiffs' claims were dismissed by the district court for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

In seeking dismissal of plaintiffs' breach of contract claim, Samsung argued that its representations regarding the accessibility of YouTube were true at the time of purchase (because purchasers were in fact able to access YouTube for several years post-purchase), that it had never promised purchasers that they would be able to access YouTube for the entire life of the Smart TV, and that it had expressly disclaimed continual access to YouTube in the user manuals and other documents. The district court did not determine whether the advertising and packaging of Samsung's Smart TVs were independently misleading. Rather, the district court noted that plaintiffs alleged that Samsung breached a purchase agreement including the representations made through advertising and packaging and went on

3

to consider whether other terms—in particular, the disclaimers on which Samsung relies—were also part of the parties' bargain. The district court took judicial notice of four (or possibly eight) documents that were in the box with the Smart TV or were displayed on the screen when the TV was plugged in.[1] It concluded that, because "[d]isclaimers included with warranties are part of the express contract underlying a sale," the post-sale disclaimers effectively clarified Samsung's advertising and marketing representations regarding access to YouTube. This holding informed the district court's analysis and dismissal of plaintiffs' breach of contract,[2] negligent misrepresentation, fraud, consumer protection, and unjust enrichment claims.[3]

---

[1] On appeal, Plaintiffs explain—and Samsung does not dispute—that the only disclaimers were contained in electronic manuals that purchasers had to turn on the Smart TVs to access.

[2] Plaintiff's breach of contract claim is more accurately construed as a breach of express warranty claim under California law. *Compare* Cal. Com. Code § 2313(1)(a) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."), *and* Cal. Com. Code § 2714 (providing breach of warranty remedies in the event "the buyer has accepted goods"), *with* Cal. Com. Code § 2711 (providing breach of contract remedies in the event "the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance"). Therefore, on remand, the breach of contract claim should be treated as a breach of express warranty claim.

[3] The breach of the implied warranty of merchantability claim was dismissed on other grounds. The dismissal of that claim has not been challenged on appeal.

In opposing Samsung's motion to dismiss the breach of contract claim, plaintiffs raised a number of arguments including, *inter alia*, that:

(a) disclaimers that could be accessed by consumers only after they purchased the Smart TV, took it home, and attempted to use the product did not become part of the parties' bargain under California law; and

(b) even if the disclaimers were part of the purchase agreement, they were substantively and procedurally unconscionable and, therefore, unenforceable under California law.[4]

The district court failed to address these arguments, despite the fact that they both had to be resolved in Samsung's favor before the court could conclude that the disclaimers were part of the parties' bargain and/or were enforceable. The order obliquely acknowledges that there was a temporal disconnect between plaintiffs' purchase of the Smart TVs and the post-purchase disclosure of limitations on the promised access to YouTube. It does not, however, analyze the impact of the delay on the basis of the parties' bargain under California law.[5] With regards to

---

[4] Plaintiffs raised their unconscionability argument in arguing against Samsung's introduction of evidence of disclaimers; the argument was therefore not waived.

[5] While an express affirmation of fact or promise made by a seller may be clarified by words or conduct tending to negate or limit the representation, Cal. Com. Code §§ 2313(1)(a) and 2316(1), "it is undoubtedly the ordinary rule that it is too late to make a disclaimer of a warranty after a sale has been consummated," *Charles Lomori & Son v. Globe Labs.*, 95 P.2d 173, 176 (Cal. Ct. App. 1939). In addition,

purchasers' assent, the district court took judicial notice of certain documents and concluded that the disclaimers contained therein were part of the parties' agreement. The district court did not consistently identify the disclaimer language it found relevant, however, or discuss whether the writings would put a reasonable consumer on notice that contractual terms were in the offing.[6] The district court did not address plaintiffs' argument regarding substantive and procedural unconscionability at all.

The allegations of the complaint raise a number of issues regarding the disclaimer of express warranties under California law, including:

- whether a seller can use post-purchase disclaimers to negate or limit express representations it made in its efforts to sell the product;

---

where a disclaimer is actually inconsistent with an express warranty, "words of disclaimer or modification give way to words of warranty unless some clear agreement between the parties dictates a contrary relationship." *Hauter v. Zogarts*, 534 P.2d 377, 386 (Cal. 1975).

[6] "Attempts to escape liability for warranties . . . by disclaimers made upon or after delivery of the goods, by means of language on an invoice, receipt or similar notice, are ineffectual unless the buyer assents or he is charged with knowledge of nonwarranty as to the transactions." *Klein v. Asgrow Seed Co.*, 54 Cal. Rptr. 609, 616 (Ct. App. 1966) (quotation marks omitted). If, as appears to be the case, the district court took judicial notice of only the user manual that was in the box with plaintiffs' Smart TVs and the electronic manuals containing disclaimers to which the user manuals directed the purchaser, there is no evidence that plaintiffs manifested assent to, or knew about, the hidden terms.

● whether the disclaimers in this case contradicted an express warranty and were thus inoperative under Cal. Com. Code § 2316(1);

● whether a post-purchase disclaimer buried in a lengthy digital document is unenforceable (for instance, because the purchaser did not manifest assent).

Although the adequacy of the allegations of the complaint is reviewed de novo on appeal, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012), "we nonetheless consider it prudent to remand to the district court" where the case involves tangled issues of state law, there is no indication that the district court considered issues that were essential to its ultimate conclusion, and it is unclear which documents were judicially noticed by the district court or how the noticed documents informed the analysis. *Ariz. Libertarian Party, Inc. v. Bayless*, 351 F.3d 1277, 1283 (9th Cir. 2003). In the circumstances presented here, we hold that "a full analysis by the district court may assist us in our review." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 802 (9th Cir. 1987).

Apparently recognizing that the district court's analysis of the express warranty issues was incomplete, Samsung argues that the dismissal should nevertheless be affirmed on the independent ground that, in the absence of an express promise of perpetual access to YouTube, plaintiffs have failed to allege a breach. The district court expressly declined to "address whether the advertising

and packaging of Samsung's Smart TV boxes were independently misleading,"

and we decline to do so in the first instance.

**REVERSED AND REMANDED.**