**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD OSBURN; SADIE OSBURN, | No. 20-15270 |
| Plaintiffs-Appellants, | D.C. No. 1:19-cv-00246-DAD-SAB |
| v. | |
| COUNTRYWIDE HOME LOANS, DBA America's Wholesale Lender; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Ronald and Sadie Osburn appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims and seeking to prevent foreclosure on property in California. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In their opening brief, the Osburns fail to address the grounds for dismissal and have therefore waived their challenge to the district court's order dismissing their action due to issue preclusion. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

The district court did not abuse its discretion in denying the Osburns leave to amend because further amendment would have been futile and would be taken in bad faith. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *see also Sorosky v. Burroughs Corp*., 826 F.2d 794, 805 (9th Cir. 1987) (identifying "bad faith" as a reason to deny leave to amend).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**