NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMISI JERMAINE CALLOWAY,

Plaintiff-Appellant,

v.

RONALD DAVIS, Warden; et al.,

Defendants-Appellees.

No.   21-16638

D.C. No. 4:19-cv-06758-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 6, 2023
San Francisco, California

Before:  WALLACE, FERNANDEZ, SILVERMAN, Circuit Judges.

Jamisi Calloway appeals pro se from the district court's summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291.  This court reviews a district court's summary judgment de novo.  *See Sulyma v. Intel Corp. Inv. Policy Comm.*, 909 F.3d 1069, 1072 (9th Cir. 2018).  This court reviews a district court's denial to appoint counsel and a district court's denial of a motion to compel for abuse of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

discretion. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Last, this court reviews a district court's dismissal of claims under 28 U.S.C. § 1915A de novo. *See Byrd v. Maricopa Cnty. Bd. of Supers.*, 845 F.3d 919, 922 (9th Cir. 2017). We affirm.

The district court did not err in granting summary judgment on Calloway's claim of deliberate indifference to a serious medical need. Calloway's discontent with the location of his dialysis treatment does not amount to a violation of the Eighth Amendment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of medical opinion does not amount to deliberate indifference[.]"). Nor did Calloway produce sufficient evidence to establish that the Appellees affirmatively placed him in danger when selecting the location of his treatment. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006). To the extent that Calloway alleges that he suffered any delay in receiving treatment, Calloway did not produce summary judgment evidence that the Appellees caused him significant harm. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Last, the use of restraints on Calloway while he received medical treatment did not amount to deliberate indifference because such restraints were for the medical staff's safety. *See LeMaire v. Maass*, 12 F.3d 1444, 1457, 1460 (9th Cir. 1993).

The district court did not abuse its discretion in denying Calloway's motions to compel, as Calloway failed to make a "clearest showing that denial of discovery

result[ed] in actual and substantial prejudice." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Moreover, the district court did not abuse its discretion in denying Calloway's Federal Rule of Civil Procedure 56(d) motion, as Calloway failed to identify the "specific facts" that he sought and why those facts were essential to his opposition to summary judgment. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677–78 (9th Cir. 2018).

The district court did not abuse its discretion in denying Calloway's motion for the appointment of counsel, as Calloway did not establish that "exceptional circumstances" warranted such an appointment. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

To the extent that Calloway challenges the screening of his complaint, the district court did not err in the dismissal of his retaliation claim as Calloway did not sufficiently allege that he was retaliated against because of any protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269–71 (9th Cir. 2009).

Any issues raised for the first time on appeal are waived. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**