Charlotte SHAPIRO, as Personal Representative of the Estate of Sam Shapiro, Deceased, Plaintiff,

v.

JOINT INDUSTRY BOARD OF the ELECTRICAL INDUSTRY, Defendant.

No. 93–CV–3525.

United States District Court, E.D. New York.

June 7, 1994.

Leslie Steinau, Parker, Duryee, Rosoff & Haft, New York City, Lola S. Lea, Freeport, ME, for plaintiff.

Vito V. Mundo, Menagh, Trainor, Mundo, New York City, for defendant.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

Plaintiff Charlotte Shapiro brings this action on behalf of her deceased husband, Sam Shapiro, against defendant Joint Industry Board of the Electrical Industry ["Joint Industry Board"] to recover medical benefits under the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1132(a)(1)(B). Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure ["Rule"] 56.[1] For reasons more fully explained herein, the motion for summary judgment is granted.

## FACTS

The Joint Industry Board is the plan administrator of the Pension, Hospitalization and Benefit Plan of the Electrical Industry ["the Benefit Plan"], an "employee welfare benefit plan" as defined by ERISA. Sam Shapiro was a Retired Participant eligible to receive benefits under the Benefit Plan by virtue of his membership, prior to his retirement, in the International Brotherhood of Electrical Workers.

Between September 1990 and the date of his death on March 31, 1991, Sam Shapiro was hospitalized on three separate occasions for treatment of a malignant lymphoma. At the direction of his physician, Sam Shapiro obtained private duty nursing services at a total cost of $69,300. He submitted a timely claim for reimbursement of these expenditures with the Joint Industry Board.

At a regularly scheduled meeting held on February 27, 1991, the Trustees of the Benefit Plan reviewed Shapiro's claim. By letter dated March 6, 1991, the Joint Industry Board informed Shapiro that his claim was not covered by the Benefit Plan because the private duty nursing expenses were not approved charges under Medicare Part B. An appeal submitted to the Trustees on Shapiro's behalf by his attorney was considered at a meeting on April 24, 1991. On May 9, 1991, defendant advised Shapiro that his appeal had been denied, citing Section 14.04(B) of the Benefit Plan. The Trustees declined to review an additional claim for private duty nursing care submitted by Shapiro's attorney on August 5, 1991.

In addition, by letter dated December 27, 1990, plaintiff's attorney requested copies of the Benefit Plan and the Trust Agreement governing the administration of the plan. The Joint Industry Board forwarded Sam Shapiro a copy of the Benefit Plan on January 4, 1991. Defendant concedes that the Trust Agreement was never provided.

On August 5, 1993, plaintiff filed the complaint in this action, setting out two causes of action. First, plaintiff alleges that defendant's denial of Sam Shapiro's claim for reimbursement of expenses for private duty nursing care was arbitrary and capricious. In addition, plaintiff asserts that defendant's

---

1. Although defendant purported to file a Motion to Dismiss pursuant to Rule 12(b)(6), both parties submitted exhibits and affidavits in connection with the motion. Therefore, after giving the parties notice and an opportunity to submit all pertinent material in accordance with Rule 12(b), the court treats this motion as one for summary judgment under Rule 56.

failure to furnish a copy of the Trust Agreement violated ERISA.

## DISCUSSION

### I. STANDARDS FOR SUMMARY JUDGMENT

Rule 56 states that summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The burden is on the movant to establish the absence of any genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Further, the court must construe the facts in the light most favorable to the non-moving party. *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). However, the non-movant "may not defeat a motion for summary judgment merely by pointing to a potential issue of fact; there must be a genuine issue of material fact." *Moller v. North Shore University Hospital*, 12 F.3d 13, 15 (2d Cir. 1993), quoting *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir.1988).

### II. SUIT AGAINST THE PROPER PARTY

■ As a preliminary matter, defendant contends that this action should be dismissed because plaintiff has failed to sue the proper party. With respect to plaintiff's second cause of action alleging failure to provide the Trust Agreement, 29 U.S.C. § 1132(c) states:

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... may be personally liable to such participant or beneficiary....

Accordingly, the Joint Industry Board, administrator of the Benefit Plan, is the proper party against whom plaintiff may assert her non-disclosure claims.

■ In contrast, plaintiff's first cause of action, a claim to recover benefits, should be brought against the plan that provides those benefits. *See, e.g.*, 29 U.S.C. § 1132(d)(1) ("[a]n employee benefit plan may sue or be sued under this subchapter as an entity.") However, the proper remedy is not dismissal of the complaint as asserted by defendant, since the Joint Industry Board is also a proper defendant. Rather, plaintiff should be granted leave to amend her complaint to add the Benefit Plan as a party defendant. In any event, this issue is rendered moot by the conclusion herein that defendant is entitled to summary judgment in its favor.

### III. STANDARD OF REVIEW UNDER ERISA

■ The Supreme Court has held that "a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). *See also Masella v. Blue Cross & Blue Shield of Connecticut, Inc.*, 936 F.2d 98, 102 (2d Cir.1991). When the plan trustees are given discretion to construe the plan terms, however, the court shall view their decisions with "a strong measure of deference" and may only reverse the trustees' actions if the court finds them to be arbitrary and capricious. *Schwartz v. Newsweek, Inc.*, 827 F.2d 879, 881 (2d Cir.1987); *Seff v. National Organization of Industrial Trade Unions Insurance Trust Fund*, 781 F.Supp. 1037, 1040 (S.D.N.Y.1992). *See also Novak v. TRW, Inc.*, 822 F.Supp. 963, 971 (E.D.N.Y.1993).

■ A review of the Benefit Plan in this case reveals that it grants the Pension Committee, a committee of the Board of Trustees, discretion to construe the provisions of the Plan. Article XVI, Section 16.09 states:

The Pension Committee shall have the authority to construe the provisions of this Plan, the Agreement and Declaration of Trust of the Pension, Hospitalization and Benefit Plan of the Electrical Industry and all rules, regulations and procedures promulgated thereunder by the Pension Committee and the Plan Administrator; any

construction adopted by the Pension Committee in good faith shall be binding upon Employers, Employees, the Union and Claimants.

Despite this clear grant of discretion to the Pension Committee, plaintiff argues that the Trustees' decision should be reviewed *de novo* for three reasons. First, plaintiff notes that the Benefit Plan was amended as of October 1, 1989 and that the prior plan may not have granted the Trustees discretion to construe the plan's terms. However, Shapiro's claims for benefits accrued in 1990 and 1991, after the effective date of the plan amendments. The preamble to the new plan states that it governs "claims for benefits which arise on or after October 1, 1989." Accordingly, the terms of the earlier plan are irrelevant to the claims asserted in this action.

Plaintiff also argues that construction of the terms of the Benefit Plan constitutes a question of law which the court must review *de novo* even under *Firestone. See, e.g., Weil v. Retirement Plan Administrative Committee of the Terson Company, Inc.* ["*Weil v. Retirement Plan*"], 913 F.2d 1045, 1049 (2d Cir.1990), *vacated in part*, 933 F.2d 106 (2d Cir.1991); *Ludwig v. NYNEX Service Company*, 838 F.Supp. 769, 785 (S.D.N.Y.1993). However, the court finds that the Trustees' decision to deny plaintiff's claim did not turn on a question of law. In *Weil v. Retirement Plan*, the administrator's denial of benefits was based on the meaning of the phrase "partial termination" as defined by the Internal Revenue Code; accordingly, the court reviewed *de novo* the determination since it involved a question of statutory interpretation. 913 F.2d at 1048–49. In addition, in *Ludwig v. NYNEX Service Company*, the court applied a *de novo* standard where the determination of the legal relationship between the plaintiff and the benefit plan required interpretation of a consent decree entered in settlement of an antitrust action brought by the United States Department of Justice against AT & T. In contrast, the Pension Committee in this case did nothing more than construe the terms of the Benefit Plan, which it was explicitly granted discretion to do under the Plan. Accordingly, the court finds no question of law which would require *de novo* review.

Finally, plaintiff argues that a *de novo* standard of review is appropriate because the fiduciary responsible for the benefits determination in this case is under a conflict of interest. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. at 115, 109 S.Ct. at 956–57. Plaintiff contends that defendant bears the burden of showing that its interpretation of the Benefit Plan and denial of benefits to Shapiro were not tainted by self-interest. *See, e.g., Scalamandre v. Oxford Health Plans (N.Y.), Inc.*, 823 F.Supp. 1050, 1060 n. 7 (E.D.N.Y.1993). Courts have found that a fiduciary operates under a conflict of interest where, for example, a health plan serves as decisionmaker for benefits paid out of its own assets, *see, e.g., Scalamandre*, 823 F.Supp. at 1060 n. 7, or where an administrator has loyalties to an employer seeking to minimize expenditures, and also fiduciary duties to the plan participants. *See, e.g., Clark v. Bank of New York*, 801 F.Supp. 1182, 1192 (S.D.N.Y. 1992).

In this case, the Court finds that defendant has met its burden of showing that it does not operate under a conflict of interest. The affidavit of Mark A. Chanzis, sworn to October 29, 1993 ["Chanzis Aff."], submitted in support of defendant's motion, sets out the relationship between the Joint Industry Board, the Benefit Plan, and the Pension Committee. The Board of Trustees of the Benefit Plan, otherwise known as the Pension Committee, is comprised of an equal number of employer and employee trustees who serve on a voluntary basis. Chanzis Aff. at ¶ 5. The Joint Industry Board, which administers numerous employee retirement and welfare plans under a collective bargaining agreement between the electrical workers' union and an association of electrical contractor-employers, is composed of an equal number of employer and employee representatives elected by their member associations. Chanzis Aff. at ¶ 3. Defendant asserts that neither the Joint Industry Board nor the Pension Committee have an interest in the assets of the Benefit Plan, which are held in a separate qualified trust, and plaintiff has offered no evidence refuting defen-

dant's factual representations on this issue. Plaintiff's conclusory allegations of conflict of interest are insufficient to raise a genuine issue of material fact. Accordingly, the Court reviews defendant's actions in this case under the more deferential "arbitrary and capricious" standard. Therefore, plaintiff may only prevail in this action if the Trustees' denial of Shapiro's claim for private duty nursing care was arbitrary or in bad faith. See, e.g., Novak v. TRW, Inc., 822 F.Supp. at 971.

## IV. COVERAGE UNDER THE BENEFIT PLAN

■ The Joint Industry Board denied Shapiro's claims for reimbursement for private duty nurses on the ground that Retired Participants are eligible for benefits under the Plan only for expenses approved by Medicare.[2] Plaintiff contends that defendant's interpretation of the Benefit Plan is incorrect, and that the expenses in this case are covered under the terms of the Plan.

To begin, Article II, entitled *Participation and Eligibility,* Section 2.06 states:

The eligibility of a Retired Participant ... is subject to the limitations set forth in Article XIV hereof with regard to the coordination of Plan benefits with Medicare.

The parties do not dispute that Sam Shapiro was a Retired Participant and was eligible to receive Medicare benefits. Article XIV, entitled *Coordination of Benefits,* provides as follows:

Section 14.04 Notwithstanding the foregoing, in the event that a person who is eligible to receive benefits hereunder is also eligible to receive Medicare Benefits, the plan shall coordinate its benefits with Medicare as follows:

\* \* \* \* \* \*

(B) *In the case of Retired Participants and their spouses, the Plan shall be secondary and shall reimburse the co-insurance portion of the charges approved by Medicare and covered under the Plan,* provided that in no event shall the aggregate benefits paid by Medicare and the Plan exceed the maximum coverage provided by the Plan to a covered person who is not eligible for Medicare. The Plan shall therefore pay to eligible individuals for whom Medicare is the primary carrier:

\* \* \* \* \* \*

2. *With respect to medical or surgical charges payable under Medicare Part B the Plan shall cover for each covered person the deductible not reimbursed under Medicare Part B, as well as the 20% of customary and reasonable charges approved but not reimbursed under Medicare Part B.*

(emphasis added). The Joint Industry Board argues that the emphasized portions of Section 14.04 provide that Retired Participants are not eligible for the general Major Medical Benefit provided to other plan participants. Instead, defendant contends that Retired Participants eligible for Medicare are covered under the Plan only for charges approved by Medicare.

Plaintiff, on the other hand, points to Article V, Section 5.01 of the Plan, which states:

The Major Medical Benefit shall be made available to all eligible Participants and their Dependents and to all eligible Retired Participants and their Dependents.

Plaintiff contends that the coordination of benefits program provides a limitation on reimbursement only for those charges which are covered by Medicare, and that Retired Participants are entitled to full major medical benefits under this section for medical charges not covered by Medicare Part B.

After reviewing all of the relevant sections, the court finds that the Benefit Plan is not entirely clear as to the scope of Major Medical Benefits for Retired Participants. However, Sam Shapiro was provided with a Summary Plan Description which was intended to inform the Plan participants about their coverage in plain English. The Summary Plan Description states unambiguously that Retired Participants who are entitled to Medicare coverage are not covered under the

---

2. The court does not address defendant's alternative justification that the expense was not covered on the ground that the nursing services were not medically necessary because defendant never advised Shapiro that his claims were denied on this basis.

Plan's basic hospital, surgical or major medical schedule. *See* Exhibit B to Chanzis Aff. Considering the Benefit Plan and the Summary Plan Description together, the court cannot state that the Pension Committee's construction of the Plan was arbitrary or capricious. Accordingly, defendant is entitled to summary judgment on plaintiff's first cause of action.

## V. FAILURE TO DISCLOSE

■ Plaintiff's second cause of action alleges that defendant's failure to provide Shapiro with a copy of the Trust Agreement violated ERISA and entitles plaintiff to recover damages. 29 U.S.C. § 1132 provides, in relevant part, as follows:

(c) **Refusal to supply requested information; failure to comply with notice requirements; penalties**

Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

In this case, the Joint Industry Board fulfilled its obligation under ERISA to provide Sam Shapiro with a summary plan description apprising him of his rights and obligations under the Benefit Plan "in a manner calculated to be understood by the average plan participant". 29 U.S.C. § 1022(a)(1). In addition, defendant furnished Shapiro with a copy of the entire Benefit Plan pursuant to his request, in accordance with § 1132(c). Further, the purpose of ERISA's disclosure requirements is apprise such participants of their rights and obligations without misleading or misinforming. *See, e.g., Hallatschek v. Laborers Union Local No. 1298 Welfare Fund*, 1993 WL 262775 at *2–3, 1993 U.S. Dist. LEXIS 9128 at * 5–6 (E.D.N.Y. June 23, 1993) (citing *Morse v. Stanley*, 732 F.2d 1139 (2d Cir.1984); 29 C.F.R. § 2520.102–2(b)). The court finds

that both ERISA's disclosure provisions and their underlying purpose have been satisfied in this case. The Summary Plan Description and the Benefit Plan fully apprised Shapiro of his rights and obligations. Plaintiff cites no authority for the proposition that the administrator is required under ERISA to furnish plan participant with the Trust agreement. Further, plaintiff has not shown that this document is any way relevant to the claims asserted in this action. Moreover, a violation of § 1132(c) does not automatically give rise to a claim for damages; the granting of relief under § 1132(c) is within the discretion of the court. Accordingly, no genuine issue of material fact exists with respect to plaintiff's second cause of action.

### CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED.

SO ORDERED.