**Ernest James RAMER, Plaintiff–Appellant,**

v.

**SOUTHERN CALIFORNIA GAS COMPANY; Irene Torres, Defendants–Appellees.**

No. 99–55810.
D.C. No. CV–98–01223–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided March 2, 2001.

Before CANBY, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM *

Ernest Ramer appeals from the district court's grant of summary judgment in favor of defendants in his wrongful discharge action. His appeal includes a challenge to the district court's determination that his action fails even when construed under ERISA.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461.

## I.

The Southern California Gas Company ("the Gas Company") removed Ramer from long-term disability leave and then terminated his employment in November 1996, allegedly because he was no longer disabled and because his previous position had been eliminated during a company restructuring and downsizing. Ramer sued the Gas Company and its human resources employee, Irene Torres–Ruiz ("Torres"), in California state court, alleging seven causes of action: (1) breach of written employment contract; (2) breach of implied-in-fact contract; (3) breach of covenant of good faith and fair dealing; (4) mental disability discrimination; (5) age discrimination; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. The defendants successfully removed the action to federal court on the basis of ERISA preemption. The district court granted the defendants' motion for judgment on the pleadings with respect to the first cause of action, and their motion for summary judgment with respect to the remaining causes of action. From the district court's summary judgment ruling, and its determination that his action fails even when construed under ERISA, Ramer appeals.

## II.

■ We review de novo the district court's grant of summary judgment. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). Viewing the evidence in the light most favorable to Ramer, we must determine whether he has presented any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* We conclude that the district court properly granted summary judgment with respect to Ramer's state law claims. Our conclusion is based on ERISA preemption

grounds as well as Ramer's failure to present any significant probative evidence tending to support his state law claims. We find error, however, in the district court's determination that all of Ramer's claims also fail as a matter of law when construed as ERISA claims.

## A.

■ ERISA preemption is governed by § 514(a), 29 U.S.C. § 1144(a), "which provides that the statute's substantive provisions 'supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir.1998). The words "relate to" are to be read broadly. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). A wrongful termination cause of action may be preempted by ERISA, even if it states tort and contract theories and seeks compensatory and punitive damages, when the employee alleges that a principal reason for his discharge was his employer's desire to avoid paying him benefits under an ERISA plan. *Id.* at 135–36, 140; *Felton v. Unisource Corp.*, 940 F.2d 503, 508–09 (9th Cir.1991); *Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 713 (9th Cir.1990); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800 (9th Cir.1987). ERISA will not preempt a wrongful discharge claim, however, "to the extent it relies on theories independent of the benefit plan." *Sorosky*, 826 F.2d at 800.

■ The district court ruled that Ramer's first cause of action, for breach of a written contract, was preempted, and thus granted judgment on the pleadings in favor of the Gas Company. The district court made no further preemption rulings. Applying the preemption framework set forth above, however, we conclude that Ramer's remaining claims are also

preempted to some degree. Ramer incorporates the terms of the Disability Plan into the underlying factual basis of each of the seven causes of action in his complaint. He contends that one of the reasons the Gas Company terminated him was to avoid paying him long-term disability benefits. In fact, he invites preemption in his opening brief to this court where he asks: "Why else would he be terminated?" With respect to his contract claims in particular, he testified in his deposition that he relied on the Disability Plan, in combination with oral assurances and his longevity of service, as a basis for believing that his job was secure. To the considerable extent that Ramer's claims relate to the Disability Plan, therefore, they are preempted by ERISA. Indeed, Ramer's claims for emotional distress are entirely preempted; they allege emotional harm resulting from telephone calls by Torres and from her undercover investigation of him. These activities are entirely connected with administration of the Disability Plan.

## B.

■ Ramer's contract claims and discrimination claims also depend, however, on theories unrelated to the Disability Plan, and to that extent they escape preemption. Ramer proffers independent evidence that he had an implied-in-fact contract with the Gas Company requiring "good cause" for termination, and he further asserts that the Gas Company did not return him to work because of his age and psychological disability. The fact that these claims partially escape preemption is of no benefit to Ramer, however, because Ramer does not present sufficient evidence to defeat summary judgment on their merits.

■ Ramer contends that the Gas Company breached an implied-in-fact contract that provided for his termination only upon

"good cause." California's Labor Code section 2922 creates a strong presumption of at-will employment. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 335, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (2000). Ramer contends that he has produced sufficient evidence to overcome this presumption, but we need not address this contention. Even assuming that a contract existed, Ramer failed to raise a genuine triable issue with respect to the Gas Company's assertion that it had "good cause" to terminate him–downsizing.

Ramer unsuccessfully attempts to show that his job was not in fact eliminated in the downsizing. His only evidence is his former supervisor's deposition testimony that the Gas Company put the work Ramer was doing on indefinite "hold" when he went on disability. Yet, Ramer wrote a letter to the Gas Company in 1992 that shows he was aware that the Gas Company had dissolved his former work group and told all its members that they were "excess" to the company. He also knew in 1995 that the Gas Company required all employees to reapply for all positions within the Gas Company. Thus, Ramer has failed to controvert the Gas Company's evidence of "good cause" with significant, probative evidence that warrants overturning summary judgment. His claim for breach of the implied covenant of good faith and fair dealing fails for the same reason.

■ With respect to his age and disability discrimination claims, Ramer concedes that he fails to meet his prima facie burden. He blames his inability to prove his case on the Gas Company, claiming that it continually thwarted his discovery efforts. Ramer, however, did not file a proper motion pursuant to Fed.R.Civ.P. 56(f), *see Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986), nor did he show by affidavit how additional discov-

ery would have precluded summary judgment. *See Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir.1996). Moreover, he made no motions to compel discovery. *See id.* Ramer is therefore in no position to urge that frustration of his discovery efforts rendered the summary judgment erroneous. Ramer's discrimination claims, like his other state claims, thus fail on the merits.

## C.

■ Although Ramer did not plead an ERISA claim on the face of his complaint, his state law claims may be construed as ERISA claims if they are preempted and fall within the scope of ERISA's civil enforcement provision, § 502(a), 29 U.S.C. § 1132(a). *Sorosky*, 826 F.2d at 800. Congress has " 'so completely' preempted this area 'that any civil complaint raising [§ 502(a)] claims is necessarily federal in character.' " *Id.* at 799 (citation omitted). Section 502(a) allows a plan participant to recover plan benefits, enforce his rights under the terms of the plan, or obtain equitable relief. 29 U.S.C. § 1132(a). Other ERISA sections that provide for their enforcement through § 502(a) are also swept into this area of complete preemption.[2] *Sorosky*, 826 F.2d at 800. The district court attempted to construe Ramer's complaint as an ERISA claim, and found that, so construed, it failed for two reasons: (1) Ramer had failed to name the Plan as a defendant, and (2) "Defendants followed the Disability Benefit Plan with regard to the processing of Plaintiff's disability benefits claim." For reasons to be

stated, however, we conclude that Ramer is entitled to the opportunity to amend his complaint to add the Plan as a defendant. We also conclude that following the Plan in processing Ramer's claim does not defeat every claim fairly arising from Ramer's complaint.

The district court apparently construed Ramer's complaint as a § 502(a)(1)(B) claim for benefits. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir.1992) (noting that § 502(a)(1)(B) claims are contractual in nature). We have held that actions to recover benefits must be brought against the Plan as an entity. *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir.1985). The Gas Company is administrator of the Plan, however, and has been a defendant from the beginning. We conclude that, in these circumstances, Ramer should be granted leave to amend his complaint to add the Disability Plan as a party defendant.[3] *Shapiro v. Joint Indus. Bd. of the Elec. Indus.*, 858 F.Supp. 356, 358 (E.D.N.Y. 1994) (holding that the proper remedy for failure to name the plan in a suit to recover benefits, when the plan administrator is also a proper party defendant, is to grant leave to amend to add the plan rather than to dismiss).

■ Moreover, Ramer's complaint can be construed to state ERISA claims that may be brought against others than the Plan. Evidence that an employee of the Plan Administrator attempted improperly and ex parte to influence a purportedly neutral examining physician may be con-

---

2. For example, ERISA § 510, 29 U.S.C. § 1140, forbids discharge or discrimination aimed at interfering with a participant's plan benefits, and ERISA § 503, 29 U.S.C. § 1133, requires that a participant receive a full and fair review of a decision denying his claim for benefits.

3. Because we remand with leave to amend to add the Disability Plan as party defendant, we do not address Ramer's argument that his failure to name the Disability Plan constitutes an affirmative defense that the Gas Company should have listed in its answer to his complaint.

strued to support a claim of breach of fiduciary duty. Suits for breach of fiduciary duty may be brought against a fiduciary, *Gelardi*, 761 F.2d at 1324–25, and suits for equitable relief may be brought against a plan administrator, *Spain v. Aetna Life Ins. Co.*, 13 F.3d 310, 312 (9th Cir.1993). The record shows that the Disability Plan names the Gas Company as its administrator and fiduciary. Moreover, Ramer's complaint seeks injunctive as well as monetary relief. Thus, the Gas Company appears to be a proper party defendant to at least some of Ramer's potential ERISA claims.

As for the district court's ruling that Ramer's claim for benefits failed on the merits, we conclude that (except for failure to name the Plan as defendant) the deficiencies do not preclude potential recovery. Even though the defendants followed the procedural steps of the Plan, benefits could have been improperly denied, as Ramer asserts. Review of that claim would require, first, a determination whether the Plan Administrator retains discretion in the award or denial of benefits. *See, e.g., Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942–43 (9th Cir.1999) (noting that review of a benefit eligibility determination is presumed to be de novo unless the plan confers discretion on the plan administrator). No such determination was made. Ramer's allegation that the Gas Company terminated him to avoid paying him future disability benefits potentially states a claim under ERISA § 510, which is independent of any contractual obligation. *Tolle*, 977 F.2d at 1133–34. And, as we have already stated, the alleged ex parte communications from Torres to the neutral physician may constitute a breach of fiduciary duty; they may also support a claim of arbitrary denial of benefits. We do not understand the district court to have addressed these claims.

Any omissions by the district court are rendered understandable by Ramer's failure to plead his claims specifically under ERISA, and Ramer properly can be required to re-plead his claims explicitly as ERISA claims.[4] Rather than attempting ourselves to parse, analyze, and decide Ramer's potential ERISA claims on this record, we remand to the district court so that Ramer can re-plead his claims, support them explicitly, and add the Plan as a defendant. *See Tingey v. Pixley–Richards West, Inc.*, 953 F.2d 1124, 1133 (9th Cir.1992). We note that Ramer is now confronted for the first time with "the stark necessity of pleading a federal claim under ERISA or going without a remedy entirely." *Id.* Whether further discovery is warranted is a question that we leave to the discretion of the district court. We express no opinion whether, once Ramer has amended his complaint, his ERISA claims will survive.

### III.

To summarize: Ramer's state law claims are preempted in part and fail on the merits in part. We affirm the dismissal of those claims. We reverse, however, the judgment of the district court to the extent that it construes the state law claims as ERISA claims and dismisses them. We remand so that Ramer can re-plead, adding the Plan as a defendant and stating explicitly his ERISA claims. Further appropriate proceedings may then follow in relation to the ERISA claims only.

4. The district court's limited interpretation of Ramer's ERISA claims may also have followed in part from the fact that the district court found only Ramer's first cause of action to be preempted by ERISA. As we have stated, all of Ramer's claims were preempted to some degree by (and therefore potentially fell within) ERISA.

The parties will bear their own costs on this appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.